### In re "AGENT ORANGE" PRODUCT LIABILITY LITIGATION.

#### MDL No. 381.

United States District Court, E.D. New York.

March 3, 1983.

#### MDL No. 381.

United States District Court, E.D. New York.

March 9, 1983.

---

* Of the U.S. Court of Appeals for the Second Circuit sitting by designation.

## PRETRIAL ORDER NO. 47

GEORGE C. PRATT,* Circuit Judge.

On March 7, 1983, Special Master Sol Schreiber submitted the attached "Recommended Protective Order Governing Documents Obtained From the Files of Dr. Robert W. Bovey, United States Department of Agriculture." No party has objected to the terms of the order, and the court approves and adopts it in full.

SO ORDERED.

SPECIAL MASTER'S RECOMMENDED PROTECTIVE ORDER GOVERNING DOCUMENTS OBTAINED FROM THE FILES OF DR. ROBERT W. BOVEY, UNITED STATES DEPARTMENT OF AGRICULTURE

The United States of America, having requested an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to protect the confidentiality during discovery and trial preparation of certain documents produced pursuant thereto by the United States Department of Agriculture; and

WHEREAS, the United States of America has represented a need to maintain the confidentiality of those documents and the information contained therein; and

WHEREAS, the United States Department of Agriculture regards the files of Dr. Robert W. Bovey as confidential in that they contain his personal notes and various research data, and that some of these files reflect the cooperation of a number of private corporations and individuals; and

WHEREAS, a separate order will protect the confidentiality of such documents at the trial or trials of the action which comprise this litigation; and

WHEREAS, the parties by this order concede nothing with respect to the use or non-use of such documents at the trial or trials of the actions which comprise this litigation; and

WHEREAS, all parties to this litigation have agreed upon the terms of the order as set forth herein and have agreed to abide by the terms of this order in all respects,

IT IS HEREBY ORDERED that all those documents the Government identifies and produces which comprise the "Bovey Collection" are protected by this Confidentiality Order as follows:

1. These documents and the information contained in them will be used exclusively for the purpose of discovery and trial preparation in this litigation as contemplated by the Federal Rules of Civil Procedure, and will be kept confidential and will not be exhibited or described to, or discussed with anyone not Designated (as described in paragraph 3, *infra*) or Qualified (as described in paragraph 4, *infra*) or counsel for the United States. No use will be made of these documents or the information contained in them for *any purpose other than* such discovery and trial preparation in this litigation.

2. These documents may be copied only to the extent necessary to permit their use in accordance with the terms of this Order and no further. Any Designated Person who requests and receives a copy of any original of any of these documents will henceforth be held responsible and accountable for that copy of the document and all copies made of that copy for any purpose.

3. A Designated Person is one who, in advance of seeing any of these documents, (i) is designated by counsel of record for any party to this litigation, and (ii) signs a formal consent (annexed hereto as Exhibit "A") to be bound by all the terms of this Order. Each counsel of record will be responsible for forwarding copies of the designation and signed consent forms to this Court where they will be filed under seal.

(a) Plaintiffs' Designees may include a reasonable number of: each plaintiff's counsel of record, their paralegals and/or their professional consultants or expert witnesses, and no others.

* Of the United States Court of Appeals, Second Circuit, sitting by designation.

(b) Defendants' Designees may include a reasonable number of: each defendant's counsel of record, their paralegals, their professional consultants or expert witnesses, and no others.

(c) The professional consultants or expert witnesses referred to in subparagraphs (a) and (b) supra, may not be employees, corporate representatives or corporate consultants of chemical companies; however, they may include independent consultants or expert witnesses paid by the companies.

4. A Qualified Person is a witness to a deposition noticed by any party to this litigation, provided that:

(a) all persons in attendance at the deposition, except for the Court Reporter, and counsel for the United States are Designated or Qualified Persons;

(b) the witness is advised in writing or on the record at the deposition of this Order and the witness agrees in writing or on the record to be bound by all its terms;

(c) copies of documents covered by this Protective Order though identified and numbered as exhibits to the deposition, will not be made a physical attachment to the transcript of the deposition to be filed with the Court (unless filed under seal).

5. No copy of these documents will be made a part of the Court record of this multidistrict litigation for any purpose whatsoever except under seal.

6. Upon the termination (by District Court order or verdict, or settlement) of all the actions consolidated in this multidistrict litigation, all designees of all parties will provide to the counsel of record for the United States either (i) all copies of these documents retained by them, or (ii) a statement to the effect that all such copies have been destroyed.

7. At any point in time prior to the termination of these actions that any party's counsel no longer needs these documents for the purposes outlined herein, that party's designees will provide the counsel of record for the United States either (i) all copies of these documents retained by them, or (ii) a statement to the effect that all such copies have been destroyed.

8. No modification of this Order will be made, nor any additional use of these documents authorized, except by order of the District Court for the Eastern District of New York upon written application to the Court and after an opportunity for all parties and the United States Government to be heard.

9. This Order shall be binding upon all persons, including parties, Designated Persons and Qualified Persons. It is enforceable by the contempt power of the United States District Court and by any other applicable or appropriate sanction imposed in the discretion of a District Judge of competent jurisdiction.

10. If any Designated or Qualified Person becomes the subject of any Court's subpoena for the production of any of these documents, or information contained therein, that person will promptly notify the Government and all parties to this litigation of the pending subpoena, and notify the issuing Court of this Protective Order.

11. If at any time any party wishes a waiver relative to a certain document or documents from the restrictions imposed by the conditions in this Order, the party may request such a waiver from this Court in writing, with notice to all other parties and the Government, specifically identifying the document or documents in question and the purpose for which the waiver is requested.

Dated: March 7, 1983

s/Sol Schreiber
SOL SCHREIBER

EXHIBIT "A"

AGREEMENT CONCERNING DOCUMENTS OBTAINED FROM THE FILES OF DR. ROBERT W. BOVEY, UNITED STATES DEPARTMENT OF AGRICULTURE SUBJECT TO PROTECTIVE ORDER ENTERED IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK ON —————, 1983

The undersigned hereby acknowledges that he has read the Protective Order, dat-

ed ———————, 1983 and entered in the United States District Court for the Eastern District of New York ———————, 1983 in the action entitled *In Re Agent Orange Product Liability Litigation,* MDL No. 381 (All Cases), understands the terms thereof and agrees to be bound by such terms as if he were signatory thereto.

———————————————
(Date)

———————————————
Signature

———————————————
———————————————
———————————————
Business Address

———————————————
Designating Counsel